IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-1600-WJM-KMT

ESTATE OF DE'VON BAILEY, by and through its personal representatives Delisha Searcy and Greg Bailey, and
R.B., a minor, by and through the minor's legal guardian Laquana Gardner,

    Plaintiffs,

v.

CITY OF COLORADO SPRINGS, COLORADO, a municipality,
SERGEANT ALAN VAN'T LAND, in his individual and official capacity, and
OFFICER BLAKE EVENSON, in his individual and official capacity,

    Defendants.

---

**ORDER DENYING DEFENDANTS' JOINT MOTION TO STAY DISCOVERY PENDING RULING ON MOTION TO DISMISS OR FOR EARLY SUMMARY JUDGMENT**

---

On June 4, 2020, Plaintiffs Estate of De'Von Bailey, by and through its personal representatives, Delisha Searcy and Greg Bailey, and R.B., a minor, by and through the minor's legal guardian, Laquana Gardner (jointly, "Plaintiffs"), filed this civil rights action against Defendants City of Colorado Springs, Colorado, Sergeant Alan Van't Land, in his individual and official capacity, and Officer Blake Evenson, in his individual and official capacity (collectively, "Defendants"), alleging that Defendants violated state and federal laws by shooting and killing De'von Bailey on August 3, 2019. (ECF No. 1.)

On October 14, 2020, Defendants filed their motions to dismiss. (ECF Nos. 25, 27.) Three weeks later, on November 4, 2020, Defendants filed the Joint Motion to Stay Discovery Pending Ruling on Motion to Dismiss or for Early Summary Judgment ("Motion") asking the Court to stay discovery on the merits of this case pending the

Court's ruling on Defendants' motions to dismiss. (ECF No. 34.)

Under 42 U.S.C. § 1983, an injured person may "seek damages against an individual who has violated his or her federal rights while acting under color of state law." *Estate of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014) (quoting *Cillo v. City of Greenwood Village*, 739 F.3d 451, 459 (10th Cir. 2013)). The defense of qualified immunity is available to individual defendants named in a § 1983 action and "shields public officials . . . from damages actions unless their conduct was unreasonable in light of clearly established law." *Gann v. Cline*, 519 F.3d 1090, 1092 (10th Cir. 2008) (quotations omitted).

However, even when defendants raise the defense of qualified immunity, courts within the District of Colorado generally disfavor a stay of all discovery. *See Estate of Ronquillo v. City & Cnty. of Denver*, 2016 WL 10842586, at *3 (D. Colo. Nov. 14, 2016) ("qualified immunity does not protect an official from *all* discovery, but only from that which is 'broad-reaching'") (quoting *Crawford-El v. Britton*, 523 U.S. 574, 593, n.14 (1998) (emphasis in original)); *Wanstall v. Armijo*, 2014 WL 4636457, at *3 (D. Colo. Sept. 16, 2014).

The factors the Court applies to determine the propriety of a stay are: (1) Plaintiffs' interests in proceeding expeditiously with the action and the potential prejudice to Plaintiffs resulting from a delay; (2) the burden on Defendants; (3) the convenience to the Court; (4) the interests of persons not parties to the litigation; and (5) the public interest. *See String Cheese Incident, LLC v. Stylus Shows, Inc., LLC*, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). Whether to stay pretrial proceedings

is within the discretion of the trial court.  *See Clinton v. Jones*, 520 U.S. 681, 706–07 (1997).

Having considered the five *String Cheese Incident* factors, the Court finds Defendants have failed to show good cause for granting a stay.  Without prejudging Defendants' motions to dismiss, based on the facts plausibly alleged in the Complaint, coupled with the Supreme Court's binding precedent in *Tennessee v. Garner*, 471 U.S. 1 (1985), in the Court's view it appears that the likelihood Defendants will successfully invoke the defense of qualified immunity is not high.  *See Garner*, 471 U.S. at 11 ("The use of deadly force to prevent the escape of all felony suspects, whatever the circumstances, is constitutionally unreasonable.").

Moreover, as Plaintiffs assert, the memories of the parties and other witnesses may fade with the passage of time, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed.  (ECF No. 37 at 8 (citing *Lester v. Gene Exp., Inc.*, 2010 WL 743555, at *1 (D. Colo. Mar. 2, 2010)).)  *See also String Cheese Incident, LLC*, 2006 WL 894955, at *2 (recognizing that an unknown period of delay "would significantly impact and prejudice plaintiff's right to pursue [its] case and vindicate its claim expeditiously").  These risks are particularly heightened here because the allegations suggest that the parties will rely heavily on witness testimony.  The Court understands that discovery may burden the officers involved in this action and distract from their core professional responsibilities.  However, this is *always* the case for parties engaged in civil litigation, and Defendants have not established any particularized facts suggesting that they will suffer a clearly defined and serious harm

associated with moving forward with discovery.  *See Chavez v. Young Am. Ins. Co.*, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) (recognizing that "[d]efendants always are burdened when they are sued" but denying stay where "[t]here is no special burden on the defendant in this case").  Here, Defendants have not asserted that Plaintiffs have even served any discovery requests to date, much less have they demonstrated that the requests unduly burden them.  Thus, any burden on Defendants is outweighed by Plaintiffs' interest in proceeding with this litigation.[1]

Moreover, convenience to the Court weighs against granting a stay of discovery, as cases that linger on the Court's docket are more difficult to manage.  The interests of non-parties favor neither side.  Finally, the public has an interest in efficient use of public resources, including the Court's resources.

In sum, the Court finds that Defendants have failed to demonstrate that a stay of discovery is warranted.  Accordingly, Defendants' Joint Motion to Stay Discovery Pending Ruling on Motion to Dismiss or for Early Summary Judgment (ECF No. 34) is DENIED.

Dated this 17th day of November, 2020.

BY THE COURT:

William J. Martinez
United States District Judge

---

[1] To the extent that Defendants have a particularized concern regarding burden from a specific discovery request, the Court will address such arguments at that time.