IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 20–cv–01600–WJM–KMT

ESTATE OF DE'VON BAILEY, by and through its personal representatives Delisha Searcy and
Greg Bailey, and
R.B, a minor, by and through their legal guardian Laquana Gardner,

      Plaintiffs,

v.

CITY OF COLORADO SPRINGS, COLORADO, a municipality,
SERGEANT ALAN VAN'T LAND, in his individual capacity, and
OFFICER BLAKE EVENSON, in his individual capacity,

      Defendants.

---

## ORDER

---

    This matter is before the court on the "Officer Defendants' Motion for Protective Order
Regarding Text Messages," filed on June 4, 2021.  [("Motion"), Doc. No. 72.]  Plaintiffs filed
their "Response to Officer Defendants' Motion for Protective Order [Doc. 72]" on June 16,
2021.  [("Response"), Doc. No. 75.]

    At issue are a small number of text messages between Defendants Alan Van't Land and
Blake Evenson, which occurred on or after August 4, 2020, during the time this litigation was
pending and while both Defendants were represented by attorneys from the law firm of Vaughan
& DeMuro-Colorado Springs for purposes of defense in this litigation.  The at-issue text
messages appear on Defendant Van't Land's personal and police department cellular telephones
and are communications between himself and Defendant Evenson.  The text messages have been

withheld from production by Defendants and have been provided to the court for *in camera* review in connection with resolution of this motion.

The discovery request propounded by the Plaintiffs, to which these text messages may relate states:

> **DOCUMENT REQUEST NO. 5:** Please produce all communications and records of conversations, including but not limited to emails, notes of conversations, text messages, social media posts/messages, cellular phone call records, dispatch notes, video recordings, audio recordings, or otherwise, that you have had with anyone, including any other parties to this litigation, witnesses to the events giving rise to this litigation, or any other person (including but not limited to other CSPD employees) pertaining in any way to the incident on August 3, 2019, that involved contact between CSPD and De'Von Bailey and/or the allegations in Plaintiffs' complaint. If you claim that any communications are subject to privilege, please provide a detailed privilege log indicating for each such communication the discovery request it is pursuant to, the sender, the recipient(s), the date, the specific privilege invoked, the document title and Bates number, and the nature of the information redacted (if applicable).

[Resp. Ex. 1 (Doc. No. 76-1), at 24.] Defendants claim the text messages at issue are irrelevant to any claim or defense in this case and that, even if relevant, the messages are privileged. [Mot. 2-5.]

Before addressing either relevance or privilege, the court must first determine whether or not the redacted text messages are actually responsive to the document request propounded by the Plaintiffs. In this case, the court finds, upon *in camera* review, that the contents of the withheld text messages on August 4, 2020, August 7, 2020, and September 23, 2020, which were part of the redacted production concerning Defendant Van't Land's personal cellular telephone, and the August 4, 2020 and December 16, 2020 text messages on Defendant Van't Land's work cellular telephone are not communications "pertaining in any way to the incident on August 3, 2019, that involved contact between CSPD and De'Von Bailey and/or the allegations in

Plaintiffs' complaint."  Therefore, the texts are not responsive to the request and production shall be disallowed on that basis.

Further, the court finds that the communications are not relevant pursuant to Federal Rule of Civil Procedure 26(b)(1).  Discovery's proper scope under Rule 26(b)(1) is "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  While the scope of discovery is accorded a broad and liberal treatment, it is not unlimited.  *Miller v. Doctor's Gen. Hosp*., 76 F.R.D. 136, 139 (W.D. Okla. 1977) (citing *Schlagenhauf v. Holder*, 379 U.S. 104 (1964); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)); *see also Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995).

At best, three of the messages here[1] might be considered communications about the process of litigation, rather than communications directed to the merits or facts of the claims.  As the Honorable Craig B. Shaffer defined the concept, "process-related discovery" is "directed to the manner and efficacy of the production process itself, as measured by Rules 1, 26(b)(1), 26(b)(2)(B), 26(b)(2)(C), and 26(g)."  Hon. Craig B. Shaffer, *Deconstructing 'Discovery About Discovery'*, 19 SEDONA CONF. J. 215, 217 (2018).

Assuming *arguendo* that those three texts were found to be responsive to the discovery requests, allowing discovery of the texts would constitute "discovery about discovery."  Comment 6.b. to Principle 6 of *The Sedona Principles, Third Edition* suggests that discovery about discovery should be allowed only if the requesting party can come forward with specific, tangible evidence of a material discovery failure.  *Id.* at 219 (citing The Sedona Conference, *The*

---

[1] Outside of these three, the other messages involved personal and family concerns.

*Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production*, 19 Sedona Conf. J. 1, 123 (2018)). Magistrate Judge Shaffer opined that process-directed discovery should have an "adequate factual basis," "some showing" that a production has been incomplete, a "colorable showing," or a "reasonable deduction" that the process itself has been abused. *Id*. at 220 (citations omitted).

As this court recently stated in another case:

> In some circumstances, it is appropriate to allow discovery about a party's efforts to locate and produce discovery, electronic or otherwise. In general, such discovery will be allowed if a party's efforts to comply with proper discovery requests are reasonably drawn into question.

*Crocs, Inc. v. Effervescent, Inc.*, No. 06-CV-00605-PAB-KMT, 2017 WL 1325344, at *8 (D. Colo. Jan. 3, 2017), *objs. overruled*, 2017 WL 1325171 (D. Colo. Feb. 24, 2017) (internal citations omitted).

Here, the court finds a complete lack of any indication that "discovery about discovery" should be allowed in this case. Notably, the text messages were produced as part of a date sequential production of all text messages between Defendants V'ant Land and Evenson, on both Defendants' personal and work cellular telephones, and the redactions were noted on the privilege log. Given that the material was non-responsive, thus actually requiring no objection, redaction, or notation in a log,[2] this method of production was even more expansive than required by the Rules and was reasonable.

---

[2] Plaintiffs objected to production of this and other redacted material as subject to "attorney/client privilege, patient/psychological privilege, spousal privilege, and Grand Jury secrecy." *See* [Doc. No. 76-1]. Defendants have abandoned all objections here, except for relevancy and attorney-client privilege. [Resp. 2.] This court addressed the Defendants' claim of attorney-client privilege and its applicability to the withheld text messages during the May 25, 2021 hearing. [Doc. No. 71.] While the court's opinions on the applicability of the privilege and derivative issues

Accordingly, it is

**ORDERED** that the "Officer Defendants' Motion for Protective Order Regarding Text Messages" [Doc. No. 72] is **GRANTED**.

Dated July 12, 2021.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

---

concerning "common defense" have not changed, in light of the court's findings herein, there is no necessity to address this privilege further.