IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-1600-WJM-KMT

ESTATE OF DE'VON BAILEY, *et al.*,

    Plaintiffs,

v.

CITY OF COLORADO SPRINGS, COLORADO, *et al.*,

    Defendants.

---

**ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO FIND ADEQUACY OF REPRESENTATION**

---

    This matter is before the Court on Defendants City of Colorado Springs, Colorado, Sergeant Alan Van't Land, and Officer Blake Evenson's (collectively "Defendants") Unopposed Motion to Find Adequacy of Representation ("Motion"). (ECF No. 86.) In the Motion, Defendants seek an order finding that R.B., a minor child, was adequately represented by Laquana Gardner in this action. (*Id.* at 1.) The Court presumes familiarity with the procedural and factual history of this case, which will not be repeated here.

    Federal Rule of Civil Procedure 17(c)(1)(A) allows a parent to represent a minor so long as the parent is represented by counsel, and a conflict does not exist between the parent and child. *See Kile v. United States*, 915 F.3d 682, 687 (10th Cir. 2019) ("[A]bsent an apparent conflict of interest, the appointment of a guardian ad litem is not necessary where a parent is a party to the lawsuit and presses the child's claims before the court."). However, while a court has "broad discretion and need not appoint a

guardian ad litem if it determines the person is or can be otherwise adequately protected, it is under a legal obligation to consider whether the person is adequately protected." *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986); *see also Ad Hoc Comm. of Concerned Teachers on Behalf of Minor & Under-Age Students Attending Greenburgh Eleven Union Free Sch. Dist. v. Greenburgh No. 11 Union Free Sch. Dist.*, 873 F.2d 25, 30 (2d Cir. 1989) (collecting cases regarding a court's power to determine that the interests of a child will be best represented by a "next friend" or guardian ad litem).

According to Defendants,

> R.B. has, at all times, been represented by Ms. Gardner, his/her mother. No inherent conflict of interest appears to exist between R.B. and Ms. Gardner. Ms. Gardner has, at all times, been represented by counsel. Ms. Gardner made informed decisions at all stages of proceedings in the instant action. Accordingly, R.B. was adequately represented by Ms. Gardner.

(*Id.* at 3–4.)

After carefully reviewing the record, the Court concludes that Ms. Gardner adequately represented R.B. in this litigation. Among other things, Ms. Gardner was represented by competent counsel, and no inherent or actual conflict of interest appears to exist between R.B. and Ms. Gardner. Accordingly, the Court grants the Motion.

For the reasons set forth herein, the Court ORDERS that Defendants' Unopposed Motion to Find Adequacy of Representation (ECF No. 86) is GRANTED.

Dated this 18th day of January, 2022.

BY THE COURT:

_____
William J. Martínez
United States District Judge